# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER ADAM DOLLAR,

    *Plaintiff*,

vs.

BEN GUTIERREZ, *et al.*

    *Defendants*.

3:14-cv-00038-RCJ-VPC

ORDER

This *pro se* prisoner civil rights action comes before the Court on plaintiff's motion (#7) styled as a motion to "suspend and/or freeze" the action.

On July 9, 2014, the Court dismissed plaintiff's claims without prejudice with an opportunity to amend within thirty days. The order placed plaintiff clearly on notice that a failure to timely file an amended complaint correcting the deficiencies in the original complaint would result in entry of a final judgment.

On or about July 28, 2014, plaintiff mailed the present motion for filing.

Plaintiff requests that the Court suspend and/or "freeze" the action because: (a) he will be in disciplinary segregation for eighteen months and has an appeal pending in the prison grievance process; (b) he has a criminal case pending in state district court; (c) he does not have access to the prison law library at High Desert State prison and thus cannot secure help from an inmate law clerk, after allegedly having had help with multiple law clerks in this action; and (d) he will be changing institutions in a few weeks.

Plaintiff has not established a basis for a stay of this action. The Court will provide petitioner a sixty-day extension within which to mail an amended complaint for filing. Together

with the time previously allowed, plaintiff will have had ample time to file an amended pleading. Plaintiff does not have a constitutional right either to active legal assistance by an inmate law clerk or to direct physical access to a law library (as opposed to requesting legal materials by "kite" while in disciplinary segregation). Nor does he need law library access and assistance to allege facts, particularly following upon a screening order that identified the deficiencies in the original complaint under the governing law. Plaintiff's conviction was affirmed in the state case to which he refers, and the matter is pending on a briefed post-judgment motion and/or petition. Plaintiff has sufficient time on his hands to prepare an amended complaint while also litigating an appeal of a disciplinary conviction and a post-judgment proceeding in a criminal case.

Plaintiff further requests that the Court waive the $350.00 filing fee because he is indigent and cannot afford to pay it. He requests in the alternative that payment of the filing fee be deferred until after his release when he allegedly will have better means to pay the filing fee.

Plaintiff may not combine multiple requests for relief within a single motion. The Court in any event will not either waive the filing fee requirement or defer the requirement beyond screening and possible alternative dispute resolution proceedings. As the Court stated previously in another context herein, "inmates must make choices with attendant consequences just as other individuals must." #3, at 7 n.2. Pursuant to the Prison Litigation Reform Act, Congress requires that inmates – just as other individuals – must bear some of the cost for pursuing civil litigation. Under the Act, even if indigent, an inmate must pay the filing fee in installments drawn from his inmate account until the full filing fee is paid. That statutory requirement imposed by Congress cannot be either waived or deferred until plaintiff is released from custody. That statutory requirement of full payment of the $350.00 filing fee must be satisfied even if this action is dismissed. At this point, the only way for plaintiff to avoid payment of the $350.00 filing fee is to enter into a settlement with the defendants during alternative dispute resolution proceedings – if the action is not instead first dismissed – in which the filing fee is addressed in the settlement. Plaintiff's request therefore is denied.

IT THEREFORE IS ORDERED that plaintiff's motion (#7) to suspend and/or freeze the action is DENIED, as to all requests for relief therein.

IT FURTHER IS ORDERED that the time for plaintiff to mail an amended complaint to the Clerk for filing is extended up to and including **sixty (60) days** from entry of this order. If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If the amended complaint does not correct the deficiencies identified in the prior order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered. In either event, the pauper application will be acted on in connection with the judgment. **No requests for further extension of time will be considered, absent the most extraordinary of circumstances.  If plaintiff seeks a further extension based upon circumstances substantially similar to the circumstances alleged in the present motion, the Court simply will enter final judgment dismissing the action without further advance notice.**

DATED: August 26, 2014.

_____
ROBERT C. JONES
United States District Judge