**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BEN GUTIERREZ et al., ) <br> ) <br> Defendants. ) | 3:14-cv-00038-RCJ-VPC <br><br> **ORDER** |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons given herein, the Court screens the First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915A and dismisses it, without leave to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Christopher Adam Dollar is a prisoner in the custody of the Nevada Department of Corrections.  He sued five individual Defendants in this Court for violations of his Eighth Amendment rights under § 1983.  The Court dismissed the Complaint, with leave to amend, upon screening under § 1915A but deferred a ruling on the Motion to Proceed in Forma Pauperis (ECF No. 1).  Plaintiff filed the FAC.  The FAC omitted three of the original five Defendants, leaving only Dr. Francisco Sanchez and Medical Director Romeo Aranas.  Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by prescribing only Ibuprofin and Acetaminophen for his knee pain over a long period of time, although they

eventually proscribed Naproxen. Plaintiff alleges that long-term use of Ibuprofin and Acetaminophen can cause "severe damage" (though he does not allege any such damage) and that the medication was not an appropriate treatment for his knee pain. He also complains that an x-ray of his knee was not ordered until fifteen months after his first grievance. He further complains that he was prescribed culinary detail as part of his treatment in order to exercise his knee to keep it active, but the detail in fact made the condition worse.

## II.     LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record."  *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios.  *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.     ANALYSIS

### A.     The Previous Screening Order

Before the Court addresses the merits in this case, however, it must address an existing screening order. That is, after Plaintiff filed the FAC in response to the Court's order dismissing the Complaint with leave to amend, the Magistrate Judge entered a screening order under § 1915A permitting the FAC to proceed. But that order should have been in the form of a report and recommendation ("R&R"). *See* 28 U.S.C. § 636(b)(1)(A)–(B); Fed. R. Civ. P. 72(b)(1); Local R. IB 1-4(j). Of course, screening orders under §§ 1915 and 1915A are not strictly "motions," but they are analogous to motions to dismiss for failure to state a claim, with the same impact upon the ultimate disposition of a case. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Just as with rulings on motions to dismiss, a screening order adverse to a plaintiff either terminates his claim or forces the plaintiff to replead them lest he lose them by failure to prosecute, and a ruling adverse to a defendant causes the defendant to have to further litigate the case. Screening orders therefore represent the kind of "determin[ation]" that a magistrate judge may only make under § 636(b)(1)(A), whatever the outcome, with the consent of the parties under § 636(c)(1). *See Wilhelm*, 680 F.3d at 1118–19.[1] And although § 1915A

---

[1] The Court of Appeals has presumed in dicta that a magistrate judge could dismiss a claim with leave to amend. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The issue was not adjudicated in that case, however. Although the magistrate judge in *McKeever* had earlier dismissed a complaint with leave to amend, the issue on appeal was whether the district judge had properly adopted a later R&R from the magistrate judge recommending dismissal without leave to amend. *See id.* at 796–97. The Court of Appeals referred to the earlier dismissal with leave to amend as "nondispositive" not based on any interpretation of § 636, but based on a local rule in the district court below so declaring. *See id.* at 798 (citing C.D. Cal. Local Mag. R. 1.11.05). The Court of Appeals has since noted that motions to dismiss are not nondispositive matters upon which a magistrate judge may finally rule without consent. *See Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917–18 (9th Cir. 2003) ("[T]here was little on the docket on which the magistrate judge could rule without the parties' consent. The only nondispositive motions before him were WoodCreek's motion to make more definite and certain (itself an alternative to its motion to dismiss) and Anderson and Wills's corresponding motion for leave to

screenings are included in § 636(b)(1)(A)'s exceptions only by implication, that implication has been codified in both the Civil Rules and the Local Rules of this District. *See* Fed. R. Civ. P. 72(b)(1); Local R. IB 1-4(j) (listing prisoner "conditions of confinement" petitions, along with motions to dismiss and motions for summary judgment, as matters upon which magistrate judges are to issue R&Rs upon referral as opposed to final orders). No prior consent appears in the record in this case, so an R&R, as opposed to a final order, would have been appropriate. The Court will therefore treat the existing order as an R&R.

B. **The Merits**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth

---

amend their complaint."). The precise issue here—whether a magistrate judge may without consent deny a motion to dismiss or grant one with leave to amend—is unlikely ever to be authoritatively determined by the Court of Appeals, because the denial of a motion to dismiss is not ordinarily appealable. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 236 (1945). We in the district courts must therefore address our attention to the Federal Magistrates Act, the Prison Litigation Reform Act, and the Civil and Local Rules. The Federal Magistrates Act does not speak in terms of whether a ruling on a matter would be finally appealable, whether by nature or disposition; it speaks in terms of the power "to . . . *determine* any pretrial matter, except . . . ." *See* 28 U.S.C. § 636(b)(1)(A) (emphasis added). An order denying a motion to dismiss or granting it with leave to amend is a determination of the motion. The same is true of screening orders. The statute is not on its face one-sided, i.e., it does not appear to permit plaintiffs but not defendants to obtain favorable rulings on dispositive issues from a magistrate judge without *de novo* review by the district court; it prevents any ruling on such issues at all absent prior consent. The statute presents a test to be considered *ex ante* based on the nature of the matter to be determined, not *ex post* based on the outcome. Moreover, Congress' intent behind the Prison Litigation Reform Act "to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage" strongly counsels against the latter reading in the present context, under which a prisoner plaintiff would have two bites at the screening apple: one with the magistrate judge, and another with the district judge upon the first judge's R&R if the first judge believed one or more claims should be dismissed with prejudice. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). In any case, both the Civil Rules and the Local Rules of this District mandate that, when referred, an R&R be done for prisoner conditions-of-confinement petitions, just as with other dispositive matters. *See* Fed. R. Civ. P. 72(b)(1); Local R. IB 1-4(j).

Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*.

The Court respectfully disagrees that Plaintiff has stated a colorable Eighth Amendment claim and finds that Plaintiff essentially alleges medical malpractice. *See Estelle*, 429 U.S. at 106 (holding that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. It does not become a constitutional violation merely because the victim is a prisoner."). This claim is an example of a disagreement over treatment between a prisoner and the prison medical staff that does not rise to the level of deliberate indifference. Plaintiff admits that he received painkillers and other treatment designed to alleviate his pain and rehabilitate his function. He disagrees with the treatment regimen and the results. Because the FAC has not cured the defects in the Complaint,[2] the Court finds that it should be dismissed under § 1915A for failure to state a claim.

---

2 The Complaint the Court dismissed upon screening contains as many relevant allegations as the FAC.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 11) is REJECTED, and the First Amended Complaint (ECF No. 10) is DISMISSED under 28 U.S.C. § 1915A.

IT IS FURTHER ORDERED that the Motion to Proceed in Forma Pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 13th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge