**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR,  )<br>  )<br>        Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>BEN GUTIERREZ et al.,  )<br>  )<br>        Defendants.  )<br>  ) | 3:14-cv-00038-RCJ-VPC<br><br>**ORDER** |

      This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the case on screening. Plaintiff has appealed, and the Court of Appeals has referred the case to the Court to determine whether *in forma pauperis* status should continue on appeal.

      The Court finds that *in forma pauperis* status should not continue on appeal, as the appeal is frivolous. *See* 28 U.S.C. § 1915(a)(3). As the Court noted in its screening order, "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. It does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, Plaintiff admitted that he was given ibuprofen and acetaminophen to treat his pain, without delay. The deliberate indifference alleged is: (1) that Dr. Sanchez did not seek a second opinion for 17 months; (2) that Dr. Sanchez delayed "adequate pain medication" and an "adequate diagnosis"; (3) that Dr. Sanchez delayed an x-ray

for Plaintiff's knee and the prescription of naproxen for 15 months (while Plaintiff was receiving ibuprofen and acetaminophen); (4) that Dr. Sanchez assigned Plaintiff to a culinary detail in order to keep his knee active, resulting in more pain; and (5) that Dr. Aranas refused to order any additional treatment beyond that ordered by Dr. Sanchez.

First, Plaintiff has no right to a medical opinion from a second doctor. Second, Plaintiff's argument that Dr. Sanchez delayed "adequate" diagnosis and treatment is manifestly a claim of negligence in diagnosis and treatment not cognizable under the Eighth Amendment. There is no dispute that Dr. Sanchez never ignored Plaintiff's pain or failed to prescribe generally acceptable painkillers for it. Third, whether an x-ray was appropriate was well within the discretion of the doctor. This is another claim of medical negligence (and a weak one, at that). It was not deliberate indifference for Dr. Sanchez to wait some time to see if the problem would resolve itself before ordering an x-ray and changing the prescription to naproxen. Fourth, the prescription of a culinary detail to keep Plaintiff's knee active is the antithesis of deliberate indifference. Even if the result was not favorable, the prescription shows that Dr. Sanchez considered Plaintiff's condition and formulated a treatment regimen to address it. Fifth, Dr. Aranas was not deliberately indifferent in refusing to order additional treatment, because Plaintiff was already under the care of Dr. Sanchez for his condition.

The gravamen of the action as one for medical malpractice is encapsulated on page 5A of the First Amended Complaint ("FAC"), where Plaintiff complains of "Defendants misdiagnosis as well as conflicting medical opinions." There are no factual allegations in the FAC that if taken as true support a conclusion that either doctor was deliberately indifferent to Plaintiff's serious medical needs so as to constitute cruel and unusual punishment under the Eighth Amendment. The FAC is frivolous in its entirety, and *in forma pauperis* status on appeal is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that *in forma pauperis* status on appeal is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2015.

_____
ROBERT C. JONES
United States District Judge
